DEMPSEY E. HUGHES *v.* MARY ANN HUGHES.

**Custody of Children.**
  All things being equal, the father is entitled to the children on a separation from his wife, but the court should make an order that the wife should be permitted to see her son at reasonable periods.

APPEAL FROM GRAVES CIRCUIT COURT.

September 21, 1878.

OPINION BY JUDGE ELLIOTT:

The evidence in this record conduces to the conclusion that after their marriage in 1871 the appellant and appellee lived happily together till they had lived a while at appellant's mother's, from where

they had to remove in consequence of a disagreement between appellee and appellant's mother, which disagreement and ill feeling continued up to this suit.

It seems that in the fall of 1876 appellant and appellee differed about a visit appellant had made to his mother, taking with him his little boy and leaving him there, and there is some evidence that in this or another quarrel between them appellant struck his wife and pulled her hair. The evidence is unbroken that they are both industrious, clever and of high character, and there is really no reason disclosed by this record for their separation except the unwillingness of appellee to go back to and reside with her mother-in-law, a lady with whom she could not agree, and this we think appellant ought not to have requested her to do.

He says he had made arrangements to get a tenement house on his mother's farm, but this was not vacated by former tenant for two months after he went to his mother's, and besides there was no other water on the premises except his mother's cistern, where unpleasant meetings would necessarily have followed between his wife and mother.

Under all the circumstances, we are of opinion that appellant should not have left his wife on her refusal to go to mother's unless he could have had a house and other accommodations which would not have rendered any meeting between his mother and his wife necessary.

The evidence conduces to the conclusion that appellee is a little high tempered and fretful, resulting, likely, from the condition of her health, which is not good, and from this record we conclude that both parties are to blame for the separation. If appellee had displayed less temper and more affection for appellant, the differences and quarrels between them would have been much palliated. We concluded that till appellant can offer appellee a home where she will be free from insult such as may result from a residence with her mother-in-law he should support her, and that the amount fixed by the court is not too large. The court erred, however, in giving the elder of the two children to appellee. The evidence preponderates to the conclusion that the appellant's ability to raise and educate his children is superior to that of his wife. They have two children, the elder a boy about three years old and the other a girl about two years of age.

The appellee should be allowed to keep the girl at present, but the boy should be surrendered to the father.

This court has often decided that, all things being equal, the father is entitled to the children on a separation from his wife, but the court should make an order that appellee should see her son away from his mother's at reasonable periods, and that appellant have the same privilege as to the little daughter.

Wherefore the judgment for alimony is *affirmed*, but the judgment, in so far as it surrenders the son or male child of appellee and appellant into the possession of appellee, is *reversed* and cause remanded for further proceedings consistent with this opinion.

*Ed Crossland, W. W. Tice, for appellant.*

*Boone & Stanfield, for appellee.*